FILED: October 1, 2026

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 26-2119
(1:25-cv-01819-AJT-WEF)

---

AA; AA SPOUSE; AA CHILD 1; AA CHILD 2; BB; BB SPOUSE; BB CHILD 1; BB CHILD 2; BB CHILD 3; BB CHILD 4; BB CHILD 5; BB CHILD 6; CC; CC SPOUSE; CC CHILD 1; CC CHILD 2; CC CHILD 3; DD; DD SPOUSE; DD CHILD 1; DD CHILD 2; DD CHILD 3; EE; EE SPOUSE; EE CHILD 1; EE CHILD 2; FF; FF SPOUSE; FF CHILD 1; FF CHILD 2; FF CHILD 3; FF CHILD 4; FF CHILD 5; GG; GG SPOUSE

Plaintiffs - Appellees

v.

UNITED STATES DEPARTMENT OF STATE; MARCO RUBIO, In his official capacity as Secretary of the United States Department of State; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, In his official capacity as Secretary of the United States Department of Homeland Security; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; JOSEPH BENJAMIN EDLOW, In his official capacity as Director of the United States Citizenship and Immigration Services; THE UNITED STATES OF AMERICA

Defendants - Appellants

---

O R D E R

---

Upon consideration of submissions relative to appellants' emergency motion for an administrative stay and stay pending appeal, the court denies the motion.

Entered at the direction of the panel: Judge Niemeyer, Judge Agee, and Judge Quattlebaum. Judge Quattlebaum would vote to grant the motion to stay insofar as the

district court's vacatur of the State Department's policy applying Presidential Proclamations 10949 and 10998 to follow-to-join asylees as used to deny boarding foils applies to nonparties. Judge Agee filed a concurring opinion, in which Judge Niemeyer joined. Judge Quattlebaum filed a separate opinion concurring in part and dissenting in part.

For the Court

/s/ Nwamaka Anowi, Clerk

AGEE, Circuit Judge, with whom Judge NIEMEYER joins, concurring:

A stay pending appeal is an "extraordinary" remedy. *Williams v. Zbaraz*, 442 U.S. 1309, 1311 (1979) (Stevens, J., in chambers). It is "an exercise of judicial discretion" that "is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672–73 (1926)). Four factors guide our exercise of this discretion: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

The Government[1] has not made a strong showing that it is likely to succeed on the merits of the appeal or will be irreparably harmed. We therefore deny its emergency motion for an administrative stay and stay pending appeal.

I.

The Immigration and Nationality Act permits the "spouse or child" of an asylee to "be granted the same status as the [asylee] if accompanying, or following to join" the asylee. 8 U.S.C. § 1158(b)(3)(A). When such a derivative beneficiary is located outside of the United States, the asylee files a Form I-730 with USCIS. Once approved, USCIS forwards the Form I-730 to the State Department for overseas processing. *See* 8 C.F.R.

[1] We use "the Government" to refer to Appellants, which include the United States Department of State, Secretary of State Marco Rubio, the United States Department of Homeland Security, Secretary of Homeland Security Markwayne Mullin, the United States Citizenship and Immigration Services ("USCIS"), Joseph Benjamin Edlow (Director of USCIS), and the United States of America.

§ 208.21(d). A consular officer then interviews the applicant to verify identity and familial relationship and to assess asylum bars or derogatory information. *See* 9 FAM 203.5-7(a)(1). If the officer confirms identity and qualifying relationship and finds no applicable bar, the applicant is approved to travel. *See id.* 203.5-15.

Plaintiffs are seven Afghan asylees in the United States (the "Principal Plaintiffs") and their spouses or children abroad (the "Derivative Plaintiffs"). USCIS approved the Derivative Plaintiffs' I-730 requests and forwarded them for consular processing. Before their consular interviews, however, President Trump issued Proclamations 10949 and 10998 (the "Proclamations"), restricting entry into the United States by nationals of Afghanistan and other countries. *See* Proclamation No. 10949, 90 Fed. Reg. 24497 (June 4, 2025); Proclamation No. 10998, 90 Fed. Reg. 59717 (Dec. 16, 2025). Both Proclamations except individuals "granted asylum" and also state that they do not limit an individual's ability to "seek asylum." Proclamation No. 10949, at Sec. 6(d); Proclamation No. 10998, at Sec. 8(d).

The Government moved to dismiss, and the district court denied the Government's motion. As the court concluded, regardless of whether the Derivative Plaintiffs had "been granted asylum," they were "seek[ing] asylum." No. 1:25-cv-1819, ECF No. 103, at 14 (May 28, 2026). In doing so, the district court rejected the Government's arguments that the Administrative Procedure Act ("APA") and consular non-reviewability doctrine barred Plaintiffs' claims and requested relief.

On cross-motions for summary judgment, the district court entered judgment for Plaintiffs, incorporating by reference its decision denying the Government's motion to

dismiss. As relief, the court: (1) ordered the Government to issue boarding foils to AA through EE Derivative Plaintiffs; (2) directed the Government to adjudicate FF and GG Derivative Plaintiffs' applications individually without regard to the Proclamations; and (3) vacated the Government's policy of applying the Proclamations to deny boarding foils to potential follow-to-join beneficiaries under the APA. ECF No. 128, at 1–2 (July 29, 2026).

As of now, Derivative Plaintiffs AA through EE have entered the United States; FF's and GG's applications remain pending.

The district court denied a stay, and the Government now seeks one from this Court. The district court, however, has extended the deadline for the Government to process Derivative Plaintiffs FF and GG's interviews until this Friday, October 2. ECF No. 164 (Sept. 26, 2026).

II.

The Government raises two preliminary arguments as to why Plaintiffs' claims and relief are neither reviewable nor justiciable. Neither carries the day at this stage of the proceedings. First, the Government invokes the consular non-reviewability doctrine, which provides that a consular official's decision to issue or withhold a visa is not subject to judicial review. *Dep't of State v. Muñoz*, 602 U.S. 899, 907–08 (2024). As support, it points to Plaintiffs' requested relief in their complaint, which asks the district court to "[v]acate and set aside the State Department's denial of boarding foils to" Derivative Plaintiffs AA, BB, CC, DD, and EE—i.e., the five follow-to-join plaintiffs whose boarding foils were denied before the commencement of the suit. ECF No. 1, at 45 (Oct. 21, 2025). But, as all

parties agree, these five Plaintiffs have been given their boarding foils and are now in the United States, so there's no reason to "stay" the district court's order to grant the boarding foils as to them on this ground.

As for Derivative Plaintiffs FF and GG, it's at best debatable whether the consular non-reviewability doctrine applies to them. As the D.C. Circuit has held, "it is well settled that when plaintiffs pursue forward-looking challenges to the lawfulness of regulations or policies governing consular decisions, courts may review them 'to assure that the executive departments abide by the legislatively mandated procedures.'" *Pietersen v. U.S. Dep't of State*, 138 F.4th 552, 560 (D.C. Cir. 2025) (citation omitted). As of yet, Derivative Plaintiffs FF and GG have received no consular decisions and sought only prospective relief against application of the Proclamations. It seems then that the district court neither reviewed nor dictated the outcome of any consular decision; it required only individualized adjudication under lawful standards. Consequently, a forward-looking challenge to the Government's policy appears to remain reviewable under *Pietersen*.

The Government likewise has not made a strong showing of likelihood of success as to its APA arguments, at least at this stage and on this record. Consular non-reviewability does not categorically bar review under the APA for the reasons just given. The argument that issuing boarding foils is committed to agency discretion may fail for the reasons stated by the district court. *See* ECF No. 103, at 9–12. And the Government offers no authority for its assertion that Plaintiffs are not "aggrieved" within the meaning of 5 U.S.C. § 702 because they lack an entitlement to enter the country. That apparently unpreserved argument is also likely waived.

The Government further argues that contrary to the district court's conclusion, Derivative Plaintiffs aren't "seek[ing] asylum" because they were outside the United States when their I-730 petitions were approved and when the complaint was filed. Mot. at 15–16. In support, the Government maintains that "[t]he Supreme Court recently confirmed that asylum is available only to aliens *within* the United States." *Id.* at 16 (citing *Mullin v. Al Otro Lado*, 146 S. Ct. 2079, 2090 (2026)). This argument seems unlikely to carry the day for the reasons set forth in Plaintiffs' opposition to the Government's motion to stay. *See* Opp. to Mot. to Stay at 12–14. Briefly, it appears that the Government's reliance on *Mullin* is misplaced. *Mullin* held that, under 8 U.S.C. § 1158(a)(1), until an individual "arrives in the United States," that individual "is not entitled to inspection, is not an applicant for admission, and cannot apply for asylum, except on other grounds not here at issue." 146 S. Ct. at 2088. But, as Plaintiffs argue, *see* Opp. to Mot. to Stay at 13, follow-to-join beneficiaries aren't seeking asylum under § 1158(a)(1), but under § 1158(b)(3)(A), which exclusively applies to derivative applicants abroad. It thus makes sense that § 1158(b)(3)(A) doesn't expressly require that an individual "arrive[] in the United States." The text under review here differs meaningfully from that at issue in *Mullin* at least sufficiently so for our purposes here regarding a stay pending appeal.

It's also at best unclear whether *Trump v. CASA* prohibited the district court's APA vacatur. *CASA* addressed universal injunctions issued under a court's equitable authority and expressly reserved for decision "whether the [APA] authorizes federal courts to vacate federal agency action" for another day. 606 U.S. 831, 847 & n.10 (2025). For now, 5 U.S.C. § 706(2)'s direction that courts "set aside" unlawful agency action provides a sufficient

basis for concluding that the Government has not made a strong showing of likely success at this juncture.

The Government asserts that the district court's judgment forces it to issue boarding foils and process applications quickly without the Proclamations' security protections. Mot. at 22–23. But the five plaintiffs whom the judgment directed the Government to admit have entered the United States. As to FF and GG, the order only requires individualized adjudication, not approval, and leaves the Government free to conduct lawful screening and apply other grounds of ineligibility as it has always done. Nor has the Government explained why processing follow-to-join beneficiaries under the remaining standards would cause irreparable harm.

III.

In the end, the Government has not shown, under the standards applicable at this preliminary stage where granting a stay pending appeal is an extraordinary remedy, either likely success or irreparable harm, the two "most critical" factors. *Nken*, 556 U.S. at 434. We thus deny the Government's emergency motion for an administrative stay and stay pending appeal.[2]

[2] We note the standards in a decision on the ultimate merits are not as stringent as those noted above for a stay pending appeal. Nothing in this decision on the motion to stay should be taken as determinative for resolution of the merits in the appropriate proceeding.

QUATTLEBAUM, Circuit Judge, concurring in part and dissenting in part:

I agree that we should not stay the district court's order in its entirety. While I find the government's arguments about the scope of the rights of derivative beneficiaries and about the consular non-reviewability doctrine credible, they are not so clearly right that a stay is warranted. So, I concur in that portion of the order denying the emergency motion for an administrative stay and stay pending appeal. But unlike my colleagues, I would grant the stay to the extent it vacates the government's policy of applying the Proclamations to deny boarding foils to potential follow-to-join beneficiaries under the APA. ECF No. 128, at 1–2 (July 29, 2026). In my view, we should limit the relief to the parties in this case. So, on that issue I respectfully dissent.